Michael WRIGHTING, Petitioner,

v.

Dr. T. L. CLANNON, Superintendent, Respondent.

No. C–79–0714 WHO.

United States District Court, N. D. California.

Jan. 28, 1980.

Michael Wrighting in pro. per.

George Deukmejian, Atty. Gen., Robert L. Bergman, Joanne M. Condas, Deputy Attys. Gen., San Francisco, Cal., for respondent.

ORRICK, District Judge.

Petitioner, Michael Wrighting, is consecutively incarcerated in the California Medical Facility, Vacaville, California. Following a guilty plea in the Superior Court of the City and County of San Francisco on April 5, 1977, petitioner was sentenced to five years to life on each of two counts of first degree robbery, enhanced by a gun allegation, the sentences to run consecutively. Cal.Pen. Code §§ 211, 12022.5. In his petition for federal *habeas corpus* relief, petitioner claims that his plea was involuntary based on two alternative grounds: (1) that petitioner's counsel induced plaintiff's change of plea by misrepresenting the existence of a sentencing agreement; and (2) that a plea bargain did exist and was entered into but was not honored.

Petitioner claims that he first pled not guilty to the charges against him after his parents had obtained the services of a private attorney for $3,500. According to petitioner, his attorney encountered financial trouble which prevented him from adequately preparing for trial. Shortly before trial, petitioner claims his attorney told him and his parents that he had neither investigated the case nor prepared a defense of law or fact because the prosecution, the court, and petitioner's attorney had "struck a private deal in the matter" to the effect that, in return for petitioner's change of plea from not guilty to guilty, petitioner would (1) receive no trial; (2) receive a sixty to ninety day sentence to be served in the Northern Reception Guidance Center for diagnostic evaluation; and (3) receive five years' probation. Therefore, petitioner claims he changed his plea and when asked by the judge whether the change was made in reliance on any promises, he replied in the negative on the advice of his attorney. The judge then sentenced petitioner to state prison as "the law prescribe[d]" but petitioner claims that his attorney assured him that the sentence would be vacated after the promised ninety days. According to the petition, it was not until six months later that Wrighting learned his true sentence of two consecutive terms of five years to life.

Since the facts as alleged by petitioner, if true, would constitute a violation of his constitutional rights, this Court, on June 25, 1979, issued an order to show cause why the writ of *habeas corpus* should not be granted. On August 15, 1979, respondent filed its answer to the order to show cause, along with the transcripts of both the change of plea proceedings and the sentencing proceedings in the Superior Court for the City and County of San Francisco, as ordered. Respondent also filed in support of its return the transcript of the preliminary hearing proceedings, copies of the judgment, complaint, and information, the prosecutor's internal disposition data on the case, the probation office presentence report, a rec-

ord of the representation by petitioner's attorney of petitioner, and the declarations under penalty of perjury of petitioner's attorney, of the prosecutor, and of the private investigation retained by petitioner's attorney to work on petitioner's case.

Each fact contained in petitioner's petition is contradicted by the record and by the affidavits and declarations filed by petitioner's attorney and others. Petitioner has not filed counter-affidavits, counter-declarations or a traverse.

█ Being a state prisoner, petitioner's petition for federal *habeas corpus* relief falls under 28 U.S.C. § 2254 and the rules governing § 2254 cases in United States district courts. Rule 8(a) provides:

"If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require."

█ A hearing in a federal *habeas* proceeding is mandatory whenever facts are in dispute and the *habeas* applicant did not receive a full and fair evidentiary hearing in a state court. *Townsend v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

█ Here, although the state courts dismissed without hearing the petition for a writ of *habeas corpus*, the facts do not appear in dispute inasmuch as petitioner failed to file a traverse or counter-affidavits or counter-declarations contradicting those included with the answer filed three months ago. He is required to produce some contrary proof indicating there is a genuine issue of fact to be tried. *Blackledge v. Allison*, 431 U.S. 63, 80, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1976). This he has failed to do.

█ The record of the appearances made and other acts of representation done by petitioner's counsel conclusively shows that petitioner's claim that his counsel neither investigated his case nor prepared a defense is baseless. Turning to petitioner's first allegation, that his counsel improperly induced the change of plea by falsely representing that he and the prosecutor had entered into a plea bargain involving a lighter sentence, this Court naturally looks "with a jaundiced eye" upon any defendant who seeks to withdraw a guilty plea after sentencing on the ground that he expected a lighter sentence. *United States v. Crusco*, 536 F.2d 21, 24 (3d Cir. 1976). Petitioner's attorney expressly denies that he represented to petitioner the existence of a more favorable plea bargain.

██ The second allegation contained in petitioner's claim for *habeas corpus* relief is that a plea bargain did exist and was entered into but was not honored. A petitioner's constitutional rights are violated when the prosecution fails to keep promises made in connection with a plea bargain. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). No plea that has been induced by an unkept plea bargain can be permitted to stand. *Petition of Geisser*, 554 F.2d 698 (5th Cir. 1977).

█ In their declarations, both the prosecutor and petitioner's attorney state under penalty of perjury that the alleged plea bargain did not exist, and that the only plea bargain entered into was as follows: In exchange for a change of plea by petitioner, the office of the District Attorney agreed to make no recommendation regarding the sentence to be imposed, with the matter to be left to the court following receipt of the presentence probation department report; in addition, counts three through six were to be dismissed. According to each attorney, this agreement was honored. As the transcript of the change of plea proceedings reveals, petitioner's counsel stated to the presiding judge that he had advised petitioner of the legal consequences of the change of plea and that the present punishment for the remaining of-

fenses was a minimum of five years in prison, and the prosecutor stated that the plea was "open to the Court," and that "the Court [would] make a determination based upon the presentence report." Ex. E, R.T. 3, ll. 15–26. As the record of those proceedings further shows, petitioner stated that he had heard and understood the statements made by his attorney and by the prosecutor, and that their statements were correct in every respect. Thus, the record conclusively shows that petitioner knew that the alleged "secret" plea bargain did not exist, and, even assuming his counsel had untruthfully represented the existence of a more favorable plea bargain, petitioner would have known that these representations were untrue. Any contention that petitioner believed the judge and both lawyers were carrying out a total charade would strain credulity. *See Spencer v. Eyman*, 439 F.2d 1136 (9th Cir. 1971). As the Supreme Court pointed out in *Blackledge v. Allison*, supra, 431 U.S. at 80 n. 19, 97 S.Ct. at 1632 n. 19, a petitioner challenging a plea given pursuant to change-of-plea procedures such as those followed here "will necessarily be asserting that not only his own transcribed responses, but those given by two lawyers, were untruthful," and "such a contention will entitle a petitioner to an evidentiary hearing only in the most extraordinary circumstances." The record, therefore, conclusively shows that petitioner's two claims are untrue.

The petition for a writ of *habeas corpus* is hereby DENIED.